## Henry Jones v. Joseph Binns.

Where two members of the same church agree that their pastor may designate three persons, also members of the church, to arbitrate and settle a matter in dispute between them, and the arbitrators are accordingly selected, to whom the matter is referred, both parties being present and agreeing to abide the award when made, and the arbitration being in all respects regularly conducted: — *Held*, that the award is binding upon the parties.

In error from the circuit court of Kemper county; Hon. John Watts, judge.

The opinion of the court contains a statement of the facts of the case.

*Baldwin* for appellant.

*McAllum* and *Watts* for appellee.

An award must be mutual between the parties, and binding on both or neither party. 1 Caines, 304; 3 Ib. 253; *Gibson* v. *Powell*, Ib. 727.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiff below brought a suit in the circuit court of Kemper county upon a promissory note made by the defendant Binns.

The defendant set up as a defence, that the note was given in part for cotton seed sold to him by the plaintiff, and which he had failed to deliver; and on account of such failure, the defendant claimed a credit on the note.

To rebut the proof introduced by the defendant on this branch of the case, the plaintiff introduced a witness who proved that so much of the controversy as related to the cotton seed had been referred by the parties to arbitration, and that the arbitrators had made an award, which the plaintiff offered to read as evidence before the jury, but which was, on motion, rejected by the court.

The facts are briefly these: the plaintiff and defendant were members of the same church, and, upon the suggestion of the witness introduced on behalf of the plaintiff, the parties agreed that the pastor of the church might designate three persons, also members of the same church, to arbitrate and settle the matters in dispute. The arbitrators were accordingly selected; the matters in controversy referred to them, the parties being present, and agreeing to abide the award when made. The arbitration appears in all respects to have been regularly conducted.

But the court, in rejecting the evidence, appears to have considered the adjustment thus brought about as "a church matter, and therefore not admissible in evidence." It is very true that members of the church appear to have suggested this amicable mode of adjustment, and that the pastor of the church selected, as agreed by the parties, the arbitrators. But here the action of the church, if church action it may be called, ceased. The parties were merely advised to adopt a particular mode,

more in harmony with the regulations of the church than litigation before the judicial tribunals of the State, to settle their disputes. They approved of the advice thus given, and accordingly adopted it. They did what they conceived to be their duty as Christians and good citizens to do, and gave their consent to the arbitration; which consent, when given, made what was once the suggestions of others their own acts, and as such a binding contract. Arbitration is a legal mode of settling a difficulty; and admitting, for the sake of the argument, that it was "a church matter" when commenced, it acquired a legal shape before it ended, and as such is binding upon the parties.

Judgment reversed, and cause remanded.